# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| MARGARET A. CAMERON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:08-CV-265 |
| | ) |
| DERMATOPATHOLOGY LABORATORY | ) |
| OF CENTRAL STATES, and | ) |
| THOMAS G. OLSEN, M.D., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This case was removed to this Court from the Allen Superior Court by Defendants Dermatopathology Laboratory of Central States, Inc. ("Dermatopathology Laboratory"), and Thomas G. Olsen, M.D. ("Olsen"), based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 2.) The Notice of Removal alleges that Plaintiff Margaret Cameron ("Cameron") is a resident of the state of Indiana, that Defendant Dermatopathology Laboratory is incorporated under the laws of the state of Ohio and maintains its principal office in Ohio, and that Olsen is a citizen of Ohio. (Notice of Removal ¶¶ 3, 4.)

Defendants' Notice of Removal, however, is inadequate. This is because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).
   Moreover, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003);

that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted)); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).

Therefore, the Court must be advised of each party's citizenship, not residency. As to Plaintiff Cameron, "[f]or natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc.*, 980 F.2d at 1074 ("In federal law citizenship means domicile, not residence.").

Therefore, Defendants are ORDERED to supplement the record forthwith as to the citizenship of the Plaintiff.

SO ORDERED.

Enter for this 12th day of November, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

*Multi-M Int'l, Inc.*, 142 F.R.D. at 152.